UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

SALVADOR MARTINEZ EPIFANIO,      Case No. 1:19-cv-07593
*individually and on behalf of others similarly situated,*

                *Plaintiff,*

    - against -                     **DEFENDANTS' PROPOSED FINDINGS OF FACTS AND CONCLUSIONS OF LAW**

DELANCEY'S LUDLOW LLC (D/B/A GREEN
STAR FOODS), KIRAN K LAL, RAJESH SHAH,
PRATIK SHAH, MANAN SHAH, MANGESH SHAH
and PABLO DOE,

                *Defendants.*
------------------------------------------------------------------x

Defendants respectfully submit their Proposed Findings of Fact and Conclusions of Law:

FINDINGS OF FACT

    1.    Plaintiff was employed by Defendant, Delancey's Ludlow, LLC for a period of time between 2013 and the end of 2019 except for a period of approximately 10 months in 2019. (Defendants' Ex. 1)

    2.    Throughout this employment, Plaintiff was regularly paid the proper amounts in both minimum wage and overtime payments when applicable. (Defendants' Ex. 1)

    3.    Also, Plaintiff was paid timely during these relevant periods of time as evidenced by his signed timesheets/payroll records. (Defendants' Ex. 1; Plaintiff Depo. p. 76:11-18)

    4.    Further, any tips that Plaintiff had received were accounted for by Defendants and were paid out to Plaintiff in a daily or weekly accounting of wages. (Plaintiff Depo. p. 39- 42)

5. At all relevant times, Plaintiff was told how much he was to paid and fully acknowledged these amounts as evidence by Plaintiff's signed payroll records. (Defendants' Ex. 1).

6. Defendants did not require Plaintiff to purchase any "tools of the trade" as Plaintiff chose to use his own bike for work. (Plaintiff's Depo. p. 29:17-25)

**PROPOSED CONCLUSIONS OF LAW**

1. The Court has Subject Matter Jurisdiction of this action. 29 U.S.C. 216(b), 28 U.S.C. 1337 and 28 U.S.C. 1331.

2. The claims arising under New York law are so related to the FLSA claims that they form part of the same case or controversy, and are therefore within the supplemental jurisdiction of the court. 28 U.S.C. § 1367.

3. Under the FLSA, the minimum wage rate since July 24, 2009 has been $7.25 per hour. 29 U.S.C. §206(a)(l).

4. Under the NYLL, the minimum wage rate for a small employer in New York City was:

   a. 2013- $7.25

   b. 2014- $8.00

   c. 2015- $8.75

   d. 2016- $9.00

   e. 2017-$10.50

   f. 2018-$12.00

   g. 2019-$13.50 N.Y. Labor law § 652; N.Y. Comp. Code R. & Regs. tit. 12, §142-2.l(a)(2013).

5. The regular rate of pay "is determined by dividing his total remuneration for employment (except statutory exclusions) in any workweek by the total number of hours actually worked by him in that workweek for which such compensation was paid." 29 C.F.R. § 778.109; 29 U.S.C. §207(e).

6. An employee-plaintiff under the FLSA bears the burden of proving that she performed work for which she was not properly compensated. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946).

7. Defendants' Exhibits and testimony at trial of this action support Defendants' claims that they paid Plaintiff correctly and properly pursuant to both federal and state laws

Dated: New York, New York
December 17, 2020

BALLON STOLL BADER & NADLER, P.C.

By: *s/Marshall Bellovin*
Marshall B. Bellovin, Esq. (MB5508)
*Attorneys for Defendants*
729 Seventh Avenue, 17th Floor
New York, New York 10019
(212) 575-7900